UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER, INC.;
KAARON BRISCOE MINEFEE; JOHN-
MARTIN GREEN; JOSHUA ROBINSON; and
SANDRA VAUGHN-COOKE,

Plaintiffs,                          16 Civ. 03537 (LGS)

v.

KOSOVA PROPERTIES, INC.; MULLINER &
PROPERTIES INC.; BURR PROPERTIES LLC;
DARDANIA PROPERTIES LLC; NEZAJ
REALTY LLC; and HAMDI NEZAJ,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS IN LIMINE**

Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

**PLAINTIFFS' MOTIONS IN LIMINE**

**I.    DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF TENANTS WHO BEGAN RESIDING IN DEFENDANTS' BUILDINGS PRIOR TO DEFENDANTS' PURCHASING THE BUILDINGS**

The Court should preclude Defendants from introducing evidence about African-American tenants or tenants with rental vouchers who began residing in Defendants' buildings before Defendants purchased the buildings because it is not relevant to any defense to this action.

Federal Rule of Evidence 401 states that "evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence." Here, Plaintiffs intend to prove that Defendants discriminated on the bases of race and source of income in 2015 by, among other things, misrepresenting the availability of apartments for rent to Plaintiffs Briscoe Minefee, Green, and Robinson because of their race, and by refusing to negotiate with Plaintiff Vaughn-Cooke because she was using a rental voucher.

Whether or not Defendants' buildings had African-American tenants or tenants with rental vouchers who began residing in Defendants' buildings *before Defendants purchased the buildings* does not make it any less likely that Defendants engaged in the conduct alleged in the Complaint. Defendants purchased their buildings over many years—including some as recently as 2010. If current African-American tenants or tenants with rental vouchers were already living in one of Defendants' buildings at the time that Defendants purchased the building, then Defendants cannot "take credit" for the initial decision to rent to those individuals.[1] This is particularly true given that most of the buildings in question are subject to New York State's Rent Stabilization Law, which requires landlords to offer renewal leases to rent stabilized tenants and prohibits landlords from evicting tenants with very few exceptions.

---

[1] The New York City Human Rights Law prohibiting discrimination based on source of income has only been in effect since 2008, however prior owners of Mr. Nezaj's buildings appear to have accepted rental vouchers before the law was enacted.

N.Y. Comp. Codes R. & Regs. Tit. 9, § 2524.1. Thus, Defendants should be precluded from introducing into evidence the race and source of income of tenants who began living in the buildings prior to Defendants' purchase.

## II.     DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF TENANTS WHO MOVED INTO THE BUILDINGS AFTER THIS ACTION COMMENCED

The Court should preclude Defendants from introducing evidence that they accepted African-American tenants or tenants with rental vouchers after May 12, 2016—the date of the Complaint—for purposes of disproving liability because it is not relevant to any defense. Plaintiffs' review of Defendants' rental records indicates that, since this action commenced, Defendants have (1) not rented any apartments to applicants with rental vouchers; and (2) only rented two to four apartments to African Americans (out of 16 new rentals in six buildings).[2] During their depositions, Defendant Hamdi Nezaj and his sons, Joey and Lucky Nezaj, suggested that these numbers are higher, and Plaintiffs expect that Defendants will seek to present such testimony at trial. Regardless of the parties' factual dispute, Defendants should not be permitted to testify about the race or source of income of individuals they first rented to after this lawsuit was filed if the testimony is being offered for the purpose of disproving liability.

Whether Defendants accepted certain tenants *after the Complaint was filed* does not make it any less likely that they discriminated against the Plaintiffs in this action. In the discrimination context, "[c]urative measures simply do not tend to prove that a prior violation did not occur." *Holcomb v. Iona College*, 521 F.3d 130, 143 (2d Cir. 2008) (citing *Gonzalez v. Police Dept., City of San Jose, Cal.*, 901 F.2d 758, 762 (9th Cir. 1990)); *see also Adorno v. Port*

---

[2] Two of these new African-American tenants were rented apartments at a building on Baychester Avenue in the Bronx where Defendants rent all but one apartment to black tenants. This is the same building that Defendant Nezaj asked Plaintiffs Green and Robinson if they would consider, but did not mention to any white testers.

*Auth. of N.Y. and N.J.*, 258 F.R.D. 217, 232–33 (S.D.N.Y. 2009).  As a result, "looking at the

[defendant's] record of performance after the courts have been asked to intervene is irrelevant to

the merits of a discrimination claim and can be highly misleading."  *Gonzalez*, 901 F.2d at 761;

*see also Chuang v. Univ. of Cal. Davis Bd. of Trustees*, 225 F.3d 1115, 1129 (9th Cir. 2000)

("[N]ondiscriminatory [defendant] actions occurring subsequent to the filing of a discrimination

complaint will rarely even be relevant as circumstantial evidence in favor of the [defendant]."

(internal citations omitted)).  The same is true here.[3]

## III.  DEFENDANTS SHOULD BE BARRED FROM PRODUCING UNAUTHENTICED  EVIDENCE OF PURPORTED UNIT RENOVATIONS

The Court should preclude Defendants from relying on unidentified,

unauthenticated documents purportedly showing the costs of renovations to 2126-2130 Muliner

Avenue ("Muliner Avenue") apartments BN and 1A in the summer of 2015.[4]

"Federal Rule of Evidence 901(a) requires than an item of evidence be

'authenticated' through introduction of evidence sufficient to warrant a finding that the item is

what the proponent says it is."  *Krishtul v. VSLP United, LLC*, 648 F. App'x 81, 83 (2d Cir.

2016) (internal citations omitted).  If evidence does not meet this threshold, it should be excluded

from trial.  *Id.*; *see also United States v. Vayner*, 769 F.3d 125, 131 (2d Cir. 2014) (concluding

that the district court abused its discretion in admitting a webpage where there was "insufficient

evidence to authenticate" it); *Krishtul*, 648 F. App'x at 83 (affirming grant of a motion in limine

to "exclude Appellant's unauthenticated emails"); *Chisholm v. Sloan-Kettering*, No. 09 Civ.

---

[3] While evidence about post-Complaint tenants is irrelevant to liability, Plaintiffs do not seek to preclude such evidence for the purpose of determining an appropriate remedy.  For example, whether or not Defendants have changed their rental practices to prevent future discrimination may be relevant to the scope of injunctive relief needed.

[4] Apartments BN and 1A are apartments that Mr. Nezaj showed to white testers in July and August 2015, but did not show to Plaintiffs during the same timeframe.  Mr. Nezaj has claimed that he did not show the apartments to Plaintiffs in part because they were under renovation.

8211, 2011 WL 2015526, at *8 (S.D.N.Y. May 13, 2011) (granting motion to exclude "'numerous handwritten, undated documents' that have not been authenticated and that Defendants submit cannot be authenticated").

First, D000262 is inadmissible. It is a handwritten, undated, and unsigned document that appears to list renovation work (and corresponding amounts paid) for Muliner Avenue apartments BN and 1A. Ex. 1.[5] D00262 could not be identified by Mr. Nezaj during his deposition, nor could it be identified by his son Joey Nezaj, or the Muliner Avenue superintendent, Zyfer Mustafa. Ex. 2 (H. Nezaj Dep.) at 165:5–18, 166:6–7, 166:21–24; Ex. 3 (J. Nezaj Dep.) at 146:9–148:6; Ex. 4 (Z. Mustafa Dep. at 89:3–8, 91:23–92:5). None of these witnesses recognized the handwriting on the document, and none could recall if the document reflected amounts actually paid for renovation work. *Id.* There is no basis for the Court to believe that this document was even created by Defendants—not to mention whether it was created in 2015 (as opposed to during the course of this litigation) or reflects any payments actually made. Because Defendants' witnesses could not identify the document at their depositions, Defendants cannot authenticate the document at trial. Although Federal Rule of Evidence 901 permits an admitting party to authenticate a document "in several ways, including the testimony of a witness with knowledge or evidence," *Leo v. Long Island R.R. Co.*, 307 F.R.D. 314, 324 (S.D.N.Y. 2015) (quoting *United States v. Cejas*, 761 F.3d 717, 723 (7th Cir. 2014)), the testimony in this case establishes that there is no path to authentication for D000262. It should be excluded.

Second, D000279 is inadmissible. It is a single-page document that includes photocopies of two checks: (1) a $3,000 check made payable to Zafer Mustafa on December 7,

---

[5] Ex. __ refers to exhibits to the Declaration of Alanna Kaufman submitted with this Memoranda of Law.

2015; and (2) a $1,900 check made out to Zafer Mustafa on which the date is cut off.  Ex. 5.

There is no evidence that either check to Mr. Mustafa was payment for work he may have

completed in Muliner Avenue apartments BN or 1A in 2015.  Neither check contains any

description of what it is for, and Mr. Nezaj was not able to testify about any specific payments

made to Mr. Mustafa in 2015 in connection with apartment renovations.  *See generally* Ex. 2. He

did not even recall whether records of such payments exist.  *Id*. at 166:25-167:3.  Also, the

purported renovations to apartments BN and 1A occurred during the *summer* of 2015, and Mr.

Mustafa testified that he was paid for work at the end of each month.  Ex. 4 (Z. Mustafa Dep.) at

69:15–70:2.  The December check therefore cannot reflect payment for renovations to these

apartments.

The checks should also be excluded for the second, supplemental reason that

Plaintiffs have been prejudiced by their late production.  Even though Plaintiffs' document

requests in September 2016 sought documents regarding 2015 renovations to Muliner Avenue

apartments BN and 1A—to which payments made for renovations made to these apartments are

responsive—Defendants did not produce the checks until *after* Mr. Nezaj's deposition in March

2017, and did not respond to Plaintiffs' follow-up inquiries about them.  Ex. 6 (Apr. 24, 2017

email to C. Castro).  Their failure to produce the checks in a timely manner—and their failure to

provide any additional information about them—is prejudicial to Plaintiffs, who did not have the

opportunity to question Mr. Nezaj about them at his deposition.  *See Mugavero v. Arms Acres,

Inc.*, No. 03 Civ. 05724, 2009 WL 1904548, at *6 (S.D.N.Y. July 1, 2009) (granting motion to

exclude untimely documents produced after deposition).  D000279 should be excluded.

Dated: June 6, 2017

New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP


_____/s/_____
Diane L. Houk
Alanna Kaufman
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiffs FHJC, Kaaron
Briscoe Minefee, John-Martin Green, and
Joshua Robinson*


_____/s/_____
Kevin M. Cremin (KC-4319)
Shanila Ali
Of counsel to Jeanette Zelhof
MFY LEGAL SERVICES, INC.
100 William Street, 6th Floor
New York, New York 10038
Telephone: (212) 417 – 3759
Facsimile: (212) 417 – 3891
Email: kcremin@mfy.org

*Attorneys for Plaintiff Sandra Vaughn-
Cooke*