

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Lance J. Kalik**
Partner

<u>Direct:</u>
t: 973.451.8447
f: 973.451.8667
lkalik@riker.com
Reply to: Morristown

July 6, 2017

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 1007

Re: <u>**Fair Housing Justice Center, Inc. v. Kosovo Properties, Inc., et al.**</u>
   Civil Action no.: 1:16cv03537

Dear Judge Schofield:

We represent Harleysville Insurance Company ("Harleysville"), the liability insurance carrier for Kosova Properties, Inc. ("Kosova") and Hamdi Nezaj ("Mr. Nezaj"), who are defendants in the above referenced lawsuit. In accordance with Your Honor's Individual Practices III.A., we respectfully request a pre-motion conference with the Court to address Harleysville's proposed motion for intervention in this lawsuit. We understand that trial is scheduled to begin on July 17, 2017, and seek to intervene on short notice. We explain the basis for our request below.

Harleysville issued a business owners policy to Kosova which provides liability coverage to Kosova and Mr. Nezaj for "discrimination . . .that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is not done with the intent to injure . . .". Harleysville has defended Kosova and Mr. Nezaj in this action pursuant to a partial disclaimer and reservation of rights.

Harleysville has denied coverage for most of the damages claimed in this lawsuit. The Harleysville policy does not cover claims of direct and intentional discrimination by Kosova or Mr. Nezaj (which are uninsurable under New York law and are excluded from coverage), does not cover the claims asserted by Plaintiff Fair Housing Justice Center, Inc. (which is not a "natural person" as required by the policy), and does not cover the claims for injunctive or punitive relief, which are not covered under New York law. Harleysville also does not cover any of the other defendants. The only claims that potentially are covered by the Harleysville policy are the claims made by Plaintiff Sandra Vaughn-Cooke against Kosova and Mr. Nezaj for disparate impact discrimination resulting from

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
www.riker.com

Hon. Lorna G. Schofield, U.S.D.J.
July 6, 2017
Page 2

Defendants' alleged failure to accept governmental vouchers as rental payments. All of this was explained to the insureds in Harleysville's June 30, 2017 letter (attached hereto as Exhibit A), which followed Harleysville's original reservation of rights letter dated August 4, 2016.

Harleysville seeks permission to intervene in this case pursuant to Fed. R. Civ. P. 24 to request that the Court specifically separate any damages it may award against the defendants, including Kosova and Mr. Nezaj, so that Harleysville may properly determine whether any damages awarded, if any, are covered or uncovered under its policy. Harleysville does not seek to otherwise participate at trial, and will rely on the parties' presentation of the evidence concerning damages.[1] Harleysville also does not seek any ruling from this Court with respect to any coverage issue.[2]

Harleysville satisfies the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), because Harleysville's coverage issue involves common factual issues with the claims and defenses raised by the parties and there is an independent basis for jurisdiction over its claims as Harleysville is a citizen of Pennsylvania and, as such, is diverse from that of all parties in this action. Further, and importantly, Harleysville's proposed intervention in this matter will not delay trial or prejudice the existing parties, because trial has not begun and Harleysville seeks only to request that the Court specifically allocate any damages it may award, if any, at the end of trial as between the various plaintiffs, defendants, and claims for discrimination. It is submitted that intervention is appropriate under these circumstances. See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 877 (2d Cir. 1984) (noting that "in view of the economy of time and effort inherent in the use of interrogatories in this situation, it would likewise not have been an abuse of discretion had the trial judge permitted the insurer to intervene under Rule 24(b)(2) for the limited purpose of proposing interrogatories to the court for submission to the jury").

Accordingly, Harleysville respectfully requests a pre-motion conference to request permission to file a motion to intervene on short notice.

Respectfully submitted,

Lance J. Kalik
cc: All Counsel of Record (Via ECF)

---

[1] Based on Harleysville's review of the parties' recent pre-trial submissions (e.g., ECF nos. 72-75), it appears that the parties have not requested that the Court specifically allocate the damages in such a way that will allow Harleysville to determine whether any damages are covered by its policy.

[2] If necessary, Harleysville reserves the right to initiate a declaratory judgment action to resolve any coverage issues it has with its insureds.